**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GREAT WEST CASUALTY CO.** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. C2-07-CV-1002** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **WAYNE FLANDRICH, ET AL.,** | : | |
| | : | **Magistrate Judge Abel** |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on third-party Defendants OOIDA Risk Retention Group,
Inc., Commercial Truck Claims Management, and Owner-Operator Services, Inc. ("OOIDA")'s
Motions in Limine to: 1) Bifurcate the Trial of the Issue of Punitive Damages (Dkt. 66); 2)
Preclude Holt and Hutchisson from Testifying regarding Alleged Extent of Damage and
Destruction of the Hamburger Cargo (Dkt. 67); 3) Preclude Flandrich from Testifying as to
Hearsay Statements in Support of His Lost Income (Dkt. 68); and 4) Preclude any Testimony or
Reference to Flandrich's Trial Counsel's Fees Denied by the Bankruptcy Court (Dkt. 69). For
the reasons state below, the Motion in Limine to: 1) Bifurcate the Trial of the Issue of Punitive
Damages is **GRANTED**; 2) Preclude Holt and Hutchisson from Testifying regarding Alleged
Extent of Damage and Destruction of the Hamburger Cargo is **GRANTED**; 3) Preclude
Flandrich from Testifying as to Hearsay Statements in Support of His Lost Income is **DENIED**;
and 4) Preclude any Testimony or Reference to Flandrich's Trial Counsel's Fees Denied by the
Bankruptcy Court is **DENIED**.

**1. Motion in Limine to Bifurcate the Trial of the Issue of Punitive Damages**

OOIDA moves this Court to bifurcate the trial of the issue of punitive damages to a second stage of trial, if necessary; and to preclude the introduction of evidence that relates solely to the issue of punitive damages during the liability stage of trial. Under Ohio law, a bad faith claim against an insurer for refusing to pay a valid claim is a tort action. *Thompson v. Community Ins. Co.*, 213 F.R.D. 284, 302 (S.D. Ohio 2002) (citing *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552 (1994)). The Ohio Revised Code § 2315.21 mandates that "in a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated..." Ohio Rev. Code § 2315.21(B)(1); *see also Geiger v. Pfizer, Inc.*, No. 2:06-CV-636, 2009 U.S. Dist. LEXIS 34982, *1-2 (S.D. Ohio Apr. 15, 2009). Accordingly, OOIDA's Motion in Limine to Bifurcate the Trial of the Issue of Punitive Damages is **GRANTED**.

**2. Motion in Limine to Preclude Holt and Hutchisson from Testifying regarding Alleged Extent of Damage and Destruction of the Hamburger Cargo**

OOIDA moves this Court to preclude Defendant Kevin Holt and his assistant, Michael Hutchisson, from testifying regarding the extent of damage to and destruction of the hamburger cargo prior to Holt's arrival at the accident scene. In it's March 31, 2009 Order, this Court struck from the affidavits of Holt and Hutchisson the statement from paragraph 5: "It [hamburger cargo] could no longer be sold as apparently it was intended;" and from paragraph six: "Both the trailer and its contents were heavily damaged, if not completely destroyed, in the accident before I was dispatched to the scene." *Great West Cas. Co. v. Flandrich*, 605 F. Supp. 2d 955, 972

(S.D. Ohio 2009).  The Court reasoned that:

> these opinions are based on specialized knowledge and education acquired by experts in the retail meat industry. These are not issues germane to the towing industry. And though Holt and Hutchisson can testify, based on their observations and personal experiences, how overturned food products were treated in the past, they cannot opine in this case that the meat was damaged and not fit for human consumption.

*Id.*

Great West opposes OOIDA's Motion in Limine to the extent that it seeks to preclude testimony beyond that stricken by this Court's March 31, 2009 Order, and to the extent that it seeks to preclude Holt and Hutchisson from testifying as to their observations and personal experiences.  Consistent with its previous Order, OOIDA's Motion in Limine to Preclude Holt and Hutchisson from Testifying regarding Alleged Extent of Damage and Destruction of the Hamburger Cargo is **GRANTED**.  Holt and Hutchisson may not testify as to the statements already stricken from their affidavits; however, they may testify as to their observations and personal experiences.

### 3. Motion in Limine to Preclude Flandrich from Testifying as to Hearsay Statements in Support of His Lost Income

OOIDA moves this Court to preclude Defendant Flandrich from testifying as to statements he attributes to employees of American Service Lines ("ASL"), the broker for American Food Groups ("AFG"), the consignor of the hamburger cargo.  OOIDA anticipates that Flandrich will testify that ASL employees told him that he would not be allowed to haul cargo for ASL or AFG because his cargo liability claim had been denied by OOIDA.

In its Motion in Limine, OOIDA contends that these statements are hearsay under Fed. R. Evid. 801(c), and therefore should not be admitted under Fed. R. Evid. 802,  because Flandrich will seek to admit them for the truth of the matter asserted, in this case that he lost income

because of OOIDA's refusal to pay his insurance claim. Flandrich argues that the statements should be admitted for the purpose of showing their effect on the hearer, Flandrich, in order to show why he stopped working for AFG subsequent to the accident with the cargo. Under the Federal Rules of Evidence and 6th Circuit law, "a statement that is not offered to prove the truth of the matter asserted but to show its effect on the listener is not hearsay." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 379 (6th Cir. 2009).

In this case, there are two possible purposes to the statements Flandrich seeks to admit: 1) to show the effect on the hearer, in this case to show why Flandrich did not continue to pursue AFG's business; and 2) to prove truth of the matter asserted, that is that AFG no longer used Flandrich because OOIDA denied his insurance claim. The first purpose does not constitute hearsay, while the second purpose does. Therefore, the statements that ASL and AFG made to Flandrich are admissible for the limited purpose of showing the effect they had on Flandrich, but may not be used to prove that AFG and ASL no longer employed Flandrich because of OOIDA's denial of Flandrich's insurance claim.

Accordingly, OOIDA's Motion in Limine to Preclude Flandrich from Testifying as to Hearsay Statements in Support of His Lost Income is **DENIED**.

### 4. Motion in Limine to Preclude any Testimony or Reference to Flandrich's Trial Counsel's Fees Denied by the Bankruptcy Court

OOIDA moves this Court to preclude any testimony or reference to the $ 37,740.35 in attorney fees owed by Flandrich to his trial counsel, Hrabcak & Company, in the event of a second stage of trial on the bifurcated punitive damage claim. OOIDA contends that in Flandrich's Chapter 13 Bankruptcy Petition, Hrabcak & Company's Proof of Claim for legal

fees was denied as untimely, such that Flandrich will not be able to demonstrate that he is actually liable to Hrabcak & Company for the attorneys fees, and therefore the attorneys fees cannot be asserted as an element of Flandrich's compensatory damage claim against OOIDA. Flandrich opposes OOIDA's Motion in Limine on the grounds that his debts have not yet been discharged, and that he is therefore currently liable for the attorney's fees, and may continue to be liable in the event that the Chapter 13 case is dismissed prior to a discharge of debts being entered.

This Court agrees that until it is certain that Flandrich will *not* be liable for the Hrabcak & Company attorneys fees, those fees may be introduced as an element of his compensatory damage claim against OOIDA should the case reach the second stage of trial. Accordingly, OOIDA's Motion in Limine to Preclude any Testimony or Reference to Flandrich's Trial Counsel's Fees Denied by the Bankruptcy Court is **DENIED**.

**IT IS SO ORDERED.**


 __s/Algenon L. Marbley_____
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATED: April 2, 2010**